## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

**JAMES G. TUNISON, JR.,**

  **Plaintiff,**

v.                                              Civil Action 7:11-CV-41 (HL)

**CHASE HOME FINANCING, LLC,**

  **Defendant.**

## ORDER

Before the Court is Plaintiff James G. Tunison's Motion for Leave to File Amended Complaint (Doc. 18) and the parties' Joint Motion to Stay or Extend the Dispositive Motion Deadline (Doc. 20). For the reasons stated below, the Motion to Amend is granted in part and denied in part. The Motion to Extend the Dispositive Motion Deadline is granted as outlined below.

Plaintiff has moved the Court to allow him to amend his complaint to: (1) add two additional properties to the facts alleged in the Original Complaint and (2) add a claim for defamation of title. His Motion to Amend was filed on March 13, 2012. The deadline in the Scheduling and Discovery Report for amending the pleadings was March 14, 2012, which means that Plaintiff's Motion was filed before the deadline.

As a general rule, Federal Rule of Civil Procedure 15 states that the court should "freely give leave [to amend the pleadings] when justice so requires." FED.

R. Cɪᴠ. P. 15(a)(2). Plaintiff argues that because the Motion to Amend was submitted prior to the deadline in the Scheduling and Discovery Order, justice requires that the Motion be granted and the amendment allowed. However, Defendant Chase Home Finance ("Chase") responds that a trial court may choose not to allow a party to amend "when the amendment would prejudice the [other party], follows undue delays, or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). Chase argues that both of the amendments proposed by the Plaintiff are futile.

The Court agrees and disagrees with Chase. As to the proposed amendment to include a defamation of title claim, the Court agrees that this addition would be futile. The prima facie elements of a defamation of title claim are: (1) publication of slanderous or libelous words; (2) with malice; (3) causing special damages; and (4) regarding property in which the plaintiff has an ownership interest. Roofing Supply of Atlanta, Inc. v. Forrest Homes, Inc., 279 Ga. App. 504, 508, 632 S.E.2d 161, 164 (Ga. App. 2006). The facts alleged by Plaintiff in the Amended Complaint are not sufficient to demonstrate that the defamation of title claim crosses the line "from conceivable to plausible." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009). Plaintiff's Amended Complaint alleges only that Chase has made negative reports against Plaintiff's credit. (Doc. 18-1, p. 11.) Negative effects on credit are not sufficient to establish a prima facie case for defamation of title. See Hicks v. McLain's Bldg. Materials, Inc., 209 Ga. App. 191, 192, 433 S.E.2d 114, 115-16 (Ga. App. 1993) (determining there was no

cause of action for defamation of title because generalized allegations that there might have been an effect on plaintiff's credit were insufficient to establish the element of special damages). To include this claim would be futile, and therefore, the Court denies Plaintiff's request to amend to add this claim.

On the other hand, the Court disagrees with Chase that the proposed amendment to include two additional properties in the Amended Complaint is futile. Upon review of the evidence regarding the two additional properties, the Court finds that Chase's arguments about the validity of these claims are better dealt with on summary judgment. In its Response to Plaintiff's Motion to Amend, Chase notes that it intends to seek summary judgment on Plaintiff's claims arising out of the property in the Original Complaint (Doc. 19, p. 6, n. 4.). The Court finds that any issues relating to the two additional properties that Plaintiff wishes to add in his Amended Complaint are properly dealt with at that point.

Therefore, Plaintiff's Motion to Amend is granted in respect to the two additional properties and denied in respect to the proposed claim for defamation of title. The Court orders Plaintiff to file an Amended Complaint reflecting this decision. Discovery will reopen on the date of this Order and will remain open for sixty days to allow both parties time to research the issues surrounding the additional two properties. Accordingly, the new discovery deadline is Monday, July 9, 2012. The deadline for dispositive motions will be Thursday, August 23, 2012, or forty-five days after the close of discovery.

**SO ORDERED,** this 9th day of May, 2012.

> **_s/ Hugh Lawson_**
> HUGH LAWSON, SENIOR JUDGE

ebr